[No. 1738.]

IN THE MATTER OF CONTEMPT OF PETER BREEN, JUDGE OF THIRD JUDICIAL DISTRICT.

1. CRIMINAL LAW — FORMER JEOPARDY — DISBARMENT OF ATTORNEY — CONTEMPT—PUNISHMENT. Where the supreme court disbarred an attorney for misconduct in criticising the court, a proceeding to punish him for contempt for the same language will be dismissed, since to punish him for contempt will amount to the imposition of double punishment.

PROCEEDINGS to punish Peter Breen for contempt of court. **Dismissed.**

The facts sufficiently appear in the opinion.

PER CURIAM:

The facts upon which this proceeding was based are fully stated in the proceeding for disbarment this day determined. (30 Nev. 164.) It is the opinion of the court that the purpose for which citation was issued in the contempt proceeding has been fully accomplished in the proceedings for disbarment. If the respondent were adjudged guilty of contempt for the language complained of, the punishment imposed would be in the nature of a double punishment, which the court has no disposition to impose, and in consideration of the judgment rendered, in the disbarment proceeding this day, this proceeding is dismissed.